Michael A. Angel (Bar No. 59085)
mangel@mmhllp.com
Zachary J. Brown (Bar No. 241837)
zbrown@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone:(213) 620-0300
Facsimile: (213) 625-1930

Of Counsel:
Colleen J. Boles, Assistant General Counsel
Lawrence H. Richmond, Senior Counsel
J. Scott Watson, Counsel (admitted *pro hac vice*)
Minodora D. Vancea, Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive
Arlington, VA 22226
Tel: (703) 562-2302

Attorneys for Defendant and Intervenor
Federal Deposit Insurance Corporation
As Receiver For First Heritage Bank, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PROFESSIONAL BUSINESS BANK,

Plaintiff,

vs.

FEDERAL DEPOSIT INSURANCE CORPORATION in its Capacity as Receiver for First Heritage Bank, N.A. *et al.*,

Defendants.

Case No. CV10-04614 GAF (AGRx)

*Consolidated with Case No. CV10-07513*

**REPLY TO OPPOSITION OF PROFESSIONAL BUSINESS BANK TO MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**

Date: September 12, 2011
Time: 9:30 a.m.
Place: Courtroom 740

Defendant FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST HERITAGE BANK, N.A. ("FDIC-Receiver") hereby submits its reply memorandum in support of its motion for summary judgment.

Dated: August 29, 2011

MESERVE, MUMPER & HUGHES LLP
Michael A. Angel
Zachary J. Brown

By: /s/ MICHAEL A. ANGEL
Attorneys for Defendant and Intervenor FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST HERITAGE BANK, N.A.

# TABLE OF CONTENTS

INTRODUCTION ........................................ 1

I. PBB Identifies No Genuine Issue of Material Fact Precluding Entry of Judgment on The PBB Breach of Contract Claim and Does Not Dispute FDIC's Formula for Calculating Damages or FDIC's Interpretation of the Governing Contract ........................................ 1

II PBB Is Not Entitled to Specific Performance Because an Award of Damages Is an Adequate Legal Remedy, Specific Performance Would Grant An Impermissible Preference, and FDIC Does Not Own the Property ........................................ 3

A. Damages Are an Adequate Remedy For Breach of Contracts Involving Money ........................................ 3

B. An Award of Damages Is The Appropriate Remedy to Avoid Impermissible Preferences. ........................................ 5

C. Specific Performance Is Unavailable Because the FDIC Cannot Transfer the Property ........................................ 7

III. PBB Is Not Entitled to Declaratory Relief ........................................ 8

IV. PBB Does Not Dispute That Resolution of Attorneys' Fees In This Litigation Does Not Preclude Summary Judgment ........................................ 9

CONCLUSION ........................................ 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Professional Business Bank ("PBB") has combined its opposition to the FDIC's motion for summary judgment with both a counter-motion for summary judgment against the FDIC and a motion for summary judgment against Commerce First Financial, Inc. ("CFF") in the consolidated lawsuit brought by CFF against PBB. The combined document does not distinguish between the two lawsuits. Rather, PBB directs its arguments indiscriminately against the FDIC, which is defending against PBB's lawsuit for breach of contract, and CFF, which is suing PBB. But even a cursory examination discloses that PBB offers no arguments or authority to dispute the FDIC's argument that this case is ripe for summary judgment on the amount of damages for breach of contract and that those damages are supported by the undisputed facts and undisputed interpretation of the contract.

Instead, PBB argues only that the damages at law do not provide an adequate remedy. In support of its argument, PBB provides cases supporting specific performance for contracts for real property. But PBB does not meaningfully dispute that contracts for fungible commodities such as money are adequately remedied by damages. PBB's principal argument is that a receiver's certificate will not provide an adequate remedy. As FDIC demonstrates below, receiver's certificates are an adequate, prescribed remedy, while specific performance would grant an improper preference and is unavailable.

## I. PBB Identifies No Genuine Issue of Material Fact Precluding Entry of Judgment on The PBB Breach of Contract Claim and Does Not Dispute FDIC's Formula for Calculating Damages or FDIC's Interpretation of the Governing Contract

PBB does not dispute this Court's ability to enter summary judgment here on damages based on undisputed facts and a straightforward application of the plain terms of the governing contract. PBB *limits* its opposition to arguing that such a

remedy would be inadequate. As the FDIC will demonstrate below, damages at law are an adequate remedy, and equitable relief is unavailable here. Because (1) no genuine issue of material fact exists precluding summary judgment; (2) PBB does not dispute the formula for determining damages; and (3) damages provide an adequate legal remedy, summary judgment should be entered granting damages to PBB on its breach of contract action.[1]

In its motion, the FDIC demonstrated that the Court could enter judgment on PBB's damages based on the plain terms of the governing contract and the undisputed facts concerning the purchase price. At that time, the FDIC described the maximum amount of a possible judgment, based on the maximum possible value of the First Heritage participation and the purchase price. The undisputed maximum value of First Heritage's participation asset at issue in this case was $3,000,000 based on the unambiguous terms of the contract. FDIC Motion at 2-3. That maximum amount was then reduced by the purchase price paid by CFF, which PBB would have paid if offered the contractual right of first refusal. Accordingly, the FDIC moved for judgment not to exceed the maximum recoverable under the contract - $1,528,701.33.[2]

In its opposition, though, PBB has finally disclosed the amount of the recovery from the collateral securing the loan – that is, $4,150,000. Opposition at 9. Therefore, the precise amount of damages can now be calculated and entered in a

---

[1] Local Rule 7-9 provides that an opposing party "*shall*" provide "a statement of *all* the reasons in opposition thereto and the points and authorities upon which the opposing party will rely" (emphasis added), as well as all of the evidence upon which the opposing party bases its opposition. Having failed to oppose the FDIC's formula for damages or interpretation of the contract at issue, PBB cannot later be heard to dispute the application of that formula when this Court determines that damages at law are an adequate remedy for the breach of contract.

[2] That figure should be further reduced by First Heritage's responsibility (50%) for any unrecovered attorneys fees, which would be subtracted from the maximum value of the contract. Although PBB must know whether there are unrecovered attorney's fees, it has failed to disclose that number despite repeated requests. For purposes of this motion, FDIC has accepted a reduction of zero for attorney's fees.

final judgment on behalf of PBB. Applying the undisputed formula of 50% of actual collections to the total collections of $4,150,000 means that each participant's actual recovery on the loan was $2,075,000. The CFF purchase price of $1,471,298.46 must be subtracted from that number, and judgment should thus be entered in the amount of $603,701.54.

## II. PBB Is Not Entitled to Specific Performance Because an Award of Damages Is an Adequate Legal Remedy, Specific Performance Would Grant An Impermissible Preference, and FDIC Does Not Own the Property

PBB's opposition fails to address meaningfully any of the authority provided by the FDIC establishing that specific performance is unavailable where, as here, a party seeks specific performance of a contract for *personal* property and the dispute involves a contract for money–which is fungible and adequately relieved by contract damages. FDIC Mot. at 5-6. Furthermore, PBB utterly ignores FDIC's argument that specific performance is unavailable where FDIC does not own the property and the owner is not a party to this suit. FDIC Mot. 6-7. The FDIC's unrebutted authorities apply in this case, and summary judgment should be granted denying Count 3 of PBB's complaint.[3]

### A. Damages Are an Adequate Remedy For Breach of Contracts Involving Money

In support of its argument that it is entitled to specific performance because money damages are inadequate, PBB offers only cases standing for the uncontroversial–and inapposite–proposition that specific performance may properly be available in cases involving real property. PBB Opposition at 13. But, as PBB's own authori-

---

[3] PBB argues that it is entitled to specific performance and declaratory relief because this Court "already ruled this remedy is appropriate relief." Opposition at 17. This Court said no such thing. In denying the FDIC's motion to dismiss, this Court held that "PBB's claims for declaratory relief and specific performance are *not barred by Section §1821(j)*." DE 29 at 4 (emphasis added). This Court's jurisdictional decision regarding the FDIC's statute never reached the issue of whether declaratory relief is appropriate or warranted on the merits. As demonstrated in FDIC's motion and this reply, they are not.

ties recognize, specific performance is available as a remedy for breach of right of first refusal for real property "because *real* property is considered unique and the remedy at law is therefore considered to be inadequate." *C. Robert Nattress & Assoc. v. Cidco*, 184 Cal.App.3d 55, 63 (4th Dist. 1986) (emphasis added). Underlying those cases is the California statute creating a presumption that damages will be inadequate for contracts *for the transfer of real property*. Cal. Civ. Code § 3387. The contract in this case, of course, involves not real property, but money – which PBB does not dispute is fungible and which is not the subject of any statutory presumptions against damages.

PBB offers no cases holding that a dispute involving money justifies the exercise of equity. Nor is the FDIC aware of any such cases. As the FDIC established in its motion for summary judgment, it is well-settled in California that money damages are presumed adequate for breaches of contracts not involving realty and specific performance for personal property is available only where the property in question has rare or sentimental value that cannot be duplicated. *Wehen v. Lundgaard*, 41 Cal.App.2d 610, 613, 107 P.2d 491 (1940). Where it is possible to ascertain the monetary amount of damages according to the terms of a contract, the legal remedy is sufficient and equitable relief is unavailable. *Id.* at 614.

In response to the FDIC's authorities showing that equitable relief is unavailable where a remedy at law through damages exists, PBB suggests that the FDIC's cases are inapposite because the underlying facts differ. PBB Opposition at 14. But PBB cannot overcome the *holding* in each of those cases: equitable relief is not available where money damages provide an adequate remedy. *Wehen*, 41 Cal.App.2d at 613-14; *Thayer Plymouth Center, Inc. v. Chrysler Motor Corp.*, 255 Cal.App.2d 300, 306 (1967) ("specific performance of a contract will not be compelled when an adequate remedy exists at law"); *Friedman v. Friedman*, Cal.App.4th 876, 889 (1992) (monetary damages provide an adequate legal remedy precluding equitable relief).

B. **An Award of Damages Is the Appropriate Remedy to Avoid Impermissible Preferences.**

PBB's principal argument that damages are not an adequate remedy "under the facts and circumstances of this case" is based on the fact that the FDIC as receiver must pay the damages claim with receiver's certificates, a remedy it deems so inadequate as to require specific performance. PBB Opposition at 11; 14-15. But not only are damages paid through the statutory distribution scheme an adequate legal remedy, deviation from that distribution scheme would create an improper preference.

It has long been understood that an order of specific performance against the receiver in favor of a lone creditor is a derogation of the distribution priorities of a receivership and thus is an improper remedy that is unavailable to claimants. As the Sixth Circuit explained in denying specific performance to party seeking to enforce a contract against the receiver for a failed bank:

> The federal law provides for the method of liquidation of national banks . . and for the ratable distribution of [the receiver's] funds among creditors. * * * the granting to the complainant of relief in the nature of specific performance would be the equivalent of full satisfaction of its claim, and it would thus receive a *preference to which it is not entitled*. For this reason, a bill of specific performance will not lie.

*National Bank of Kentucky v. Louisville Trust Co.*, 67 F.2d 97, 100 (6th Cir. 1933) (emphasis added), *citing Southern Express Co. v. Western North Carolina Railroad Co.*, 99 U.S. 191, 200-01 ("specific performance by the receiver would be a form of satisfaction or payment which he cannot be required to make."). For the reasons explained in *National Bank of Kentucky*, granting specific performance to PBB would subvert the statutorily-mandated payment scheme and grant an impermissible preference to PBB.

Distribution to claimants against the FDIC as receiver for First Heritage is governed by 12 U.S.C. § 1821(d)(11), which provides for the ratable distribution of the assets of the failed financial institution. Claimants against the receivership are

entitled only to the pro rata amount they would have received if the institution had been liquidated. 12 U.S.C. § 1821(i)(2). The Ninth Circuit has held that payment to creditors of the receivership, including claimants whose claims arise following the failure of the institution, is properly effected by receiver's certificates. *RTC v. Titan Financial Corp.*, 36 F.3d 892, 892 (9th Cir. 1994) (to hold otherwise would be to allow the creditor to "jump the line" (internal citations omitted)); *see also Battista v. FDIC*, 95 F.3d 1113, 1118 (9th Cir. 1999) (holding that separate methods of paying creditors "makes little sense" under Section 1821(d)(11)). Here, as in those cases, payment of a receiver's certificate is the prescribed legal remedy for creditors of the receivership. The specific performance that PBB seeks would allow it to "jump the line" and create "the preference to which it is not entitled" that was rejected in *National Bank of Kentucky*. Accordingly, this Court should decline to exercise its equitable powers to grant PBB such a preference.

PBB argues that "monetary damages are the least efficient type of judgment in this case . . . if money damages are awarded, then PBB will not actually get money, but receiver's certificates." PBB Opposition at 16. PBB misunderstands what is an adequate remedy. As the Ninth Circuit and other courts have held, payment of damages by receiver's certificates *is* the appropriate legal payment. To hold otherwise upsets the legally-mandated system for pro rata repayment of creditors. This principle is not confined to receivership of failed institutions. For instance, the Second Circuit held that equitable relief was unavailable to a party seeking to enforce against a bankrupt company a contract for the right to recover money. *In re First Central Financial Corp.*, 377 F.3d 209 (2d Cir. 2004). As in this case, that plaintiff sought an equitable remedy to avoid pursuing its legal remedy–damages for breach of contract–because the defendant was in bankruptcy. The Second Circuit limited recovery to the legal remedy against the bankrupt defendant and explained that such a recovery is an adequate remedy:

> we concede that FCIC, like many other creditors, will not, in all probability, be made whole in the proceedings; but that does not mean the remedy is legally inadequate, simply that it is imperfect.

*Id.*, 377 F.3d at 216. The court recognized that a plaintiff might, like other creditors, "understandably chafe" at potentially receiving less than it believed it would receive under a contract, but held "the short–and conclusive–answer is that this is not injustice, it is bankruptcy." *Id.*, 377 F.3d at 217. As the Fifth Circuit has observed, a separate method of remedying creditors through equitable remedies could "wreak . . . havoc with the priority system" established by law. *In re Haber Oil Co.*, 12 F.3d 426, 436 (5th Cir. 1994). This Court should avoid such a preference, and hold that money damages are an adequate legal remedy and equitable relief is therefore unavailable to PBB.

### C. Specific Performance Is Unavailable Because the FDIC Cannot Transfer the Property

PBB completely fails to respond to the FDIC's argument that specific performance is unavailable in its lawsuit against the FDIC because (1) the FDIC does not own the property; (2) the FDIC cannot sell or transfer what it does not own; and (3) CFF was not named by PBB as a defendant in this suit and is not a party. FDIC Motion at 6-7.

"Mutuality of remedy" is a necessary element for specific performance in this case. *Tamarind Lithography Workshop, Inc. v. Sanders*, 143 Cal.App.3d 571, 575 (1983). PBB contends that there is a "mutuality of remedy" here, apparently relying on the consolidation of this case with CFF's case. Opposition at 12. But the law is clear that, even after consolidation under Fed.R.Civ.P. 42, the consolidated cases maintain their separate identities. *Johnson v. Manhattan Ry.*, 289 U.S. 479 (1933) (consolidation "does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another"); *Newfound Management Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997)("*Johnson* remains

the 'authoritative' statement on the law of consolidation"); *see generally* Wright & Miller, 9A Fed. Prac. and Proc. § 2382 (3d ed. 2011).

As one district court explained, "rather than merging the rights of the parties, consolidation is a purely ministerial act which, inter alia, relieves the parties and the [c]ourt of the burden of duplicative pleadings." *New York v. Microsoft Corp.*, 2002 WL 318565 (D.D.C. 2002). Here, it remains undisputed the FDIC does not own the asset and CFF is not a party to PBB's case.[4] Accordingly, there is no mutuality of remedy, specific performance is unavailable in PBB's suit against the FDIC, and summary judgment dismissing PBB's count for specific performance is required.

PBB recognizes that they are separate lawsuits, and asserts that the two separate suits are an argument in favor of specific performance. But PBB's contention that it will be "left facing the CFF lawsuit" (Opposition at 16) provides no basis for granting specific performance in this suit. The damages award that PBB will receive as a legal remedy in this lawsuit against the FDIC will amount to 50% of the actual collections on the underlying loans that form the basis of CFF's claim under the LPA. PBB has already retained the other 50% of actual collections by refusing to pay CFF. As a result, it will be "left to face" CFF's lawsuit with both the collected amounts CFF seeks and its damages award, which should allow PBB to satisfy CFF's claims. PBB's argument provides no basis for invoking this Court's equitable powers rather than awarding PBB damages under its legal remedy.

### III. PBB Is Not Entitled to Declaratory Relief

As FDIC explained in its motion for summary judgment, declaratory relief is unavailable where, as here, it is duplicative of a breach of contract action and money damages. A declaratory judgment may be entered only where it (1) serves a "useful purpose in clarifying and settling the legal relations in issue," and (2) terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986). In this case, where

disposition of the breach of contract claim resolves all issues between PBB and the FDIC regarding the contract, PBB fails to meet either prong of the test for declaratory relief. PBB's request for declaratory judgment "that the FDIC breached the Loan Purchase Agreement" (DE 1, Complaint at p. 7) is completely duplicative of its breach of contract claim. A claim for a declaratory judgment should be dismissed where it duplicates a breach of contract action. FDIC Mot. at 7 and cases cited therein.

PBB attempts to distinguish the cases cited by the FDIC (holding that duplicative declaratory relief in breach of contract cases is unavailable) by arguing that those cases involved breaches of contracts "with an adequate remedy" or were based "on different facts." Opposition at 18. But, as the FDIC has demonstrated, damages for breach of contract *are* an adequate legal remedy in this case, because it involves a contract for a fungible commodity: money. Nothing in the "different facts" in the cases cited by the FDIC cited justifies a different conclusion in this case. The reasoning of those cases applies with equal force here.

## IV. PBB Does Not Dispute That Resolution of Attorney's Fees In This Litigation Does Not Preclude Summary Judgment

PBB does not dispute FDIC's argument that entry of summary judgment is proper without resolving the amount and award of attorneys' fees for this litigation. PBB effectively concedes the point when it notes the plain terms of the applicable rule: a motion for attorney's fees is to be filed and served within 14 days *after* entry of judgment. PBB Opposition at 18, *citing* Fed.R.Civ.P. 54(d)(2)(B)(i). Moreover, PBB fails to respond to the FDIC's authorities demonstrating that attorney's fees are collateral matters and that a judgment is final even though attorneys' fees have yet to be awarded. Therefore, unresolved issues relating to attorneys' fees do not constitute genuine issues of material fact in dispute and do not preclude this Court from

[4] As plaintiff, PBB was free to name CFF a party in its suit. PBB declined to do so, and may not escape the consequence of its decision.

entering final judgment for PBB in the amount of $603,701.54, based on the undisputed formula for calculating damages and the information provided by PBB as to its actual collections on the loan.

PBB does dispute FDIC's argument that this Court should defer resolution of the issue of attorney's fees until resolution of any appeal on final judgment of the disputed liability issue. It argues it must file and serve its motion for attorney's fees within 15 days of judgment and that there is "no authority that supports the FDIC's position" regarding deferral of attorneys' fee issues. Opposition at 18. PBB overlooks the plain language of Rule 54(d)(2)(B), which provides that a 15-day filing rule applies "*unless* . . . a court order provides otherwise." Thus, undisputed authority demonstrates that final judgment may be entered by this Court without resolution of attorneys' fees. See FDIC Motion at 9. In the FDIC's view, deferral until any appeals are concluded would be the most judicious use of the Court's and the parties' resources.

PBB also argues that to delay resolution of attorneys' fees would "leave the parties in limbo" as to the purchase price to be paid if specific performance were ordered. PBB Opposition at 18. However, as demonstrated above, specific performance is unavailable here, where PBB has an adequate legal remedy and where specific performance would create an impermissible preference. Entry of summary judgment for damages for breach of contract, the only appropriate remedy, will be unaffected by the amount of attorneys' fees and will leave no uncertainty, nor any party in "limbo."

CONCLUSION

For the foregoing reasons, final judgment should be entered granting PBB damages in the amount of $603,701.54 and dismissing Counts 2 and 3 of PBB's complaint.

Dated: August 29, 2011

MESERVE, MUMPER & HUGHES LLP
Michael A. Angel
Zachary J. Brown

By: /s/ MICHAEL A. ANGEL
Attorneys for Defendant and Intervenor FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST HERITAGE BANK, N.A.